
# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-16-683

GUY MARIE TROTTY

APPELLANT

V.

ARKANSAS DEPARTMENT OF
HUMAN SERVICES AND MINOR
CHILDREN

APPELLEES

Opinion Delivered: NOVEMBER 16, 2016

APPEAL FROM THE ST. FRANCIS
COUNTY CIRCUIT COURT
[NO. 62JV-16-42]

HONORABLE ANN B. HUDSON,
JUDGE

AFFIRMED

## KENNETH S. HIXSON, Judge

Appellant Guy Marie Trotty appeals from an order that adjudicated two minor girls, N.T., born on 07/24/2011, and A.B., born on 05/26/2010, dependent-neglected. On appeal, Ms. Trotty argues that there was insufficient evidence to support the adjudication and that the trial court's findings were based on speculation. We affirm.

A dependent-neglected juvenile is one who is at substantial risk of serious harm as a result of acts or omissions to the juvenile, sibling, or another juvenile, including sexual exploitation or neglect. Ark. Code Ann. § 9-27-303(18)(A)(iv) & (v) (Repl. 2015). The burden of proof in dependency-neglect adjudications is a preponderance of the evidence. *Scott v. Ark. Dep't of Human Servs.*, 2015 Ark. App. 431. On appeal, we review the trial court's findings de novo, giving due regard to the court's opportunity to judge the credibility of witnesses. *Id.* When the sufficiency of the evidence is challenged on appeal, we will not reverse the trial court's findings unless they are clearly erroneous. *Id.* A finding is clearly

erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.*

This case began on March 21, 2016, when appellee Arkansas Department of Human Services (DHS) took an emergency hold of N.T. and A.B. On March 23, 2016, DHS filed a petition for emergency custody of the children. Attached to the petition was an affidavit of a DHS family-service worker stating that someone had called the child-abuse hotline to report that the girls had been left home alone, that A.B. had been found outside in the middle of the night when adults were in the house asleep, and that there was a concern about human trafficking. Upon being investigated, Guy Trotty told the family-service worker that she was caring for the two children. Ms. Trotty stated that her daughter, Kelsey Trotty, and Kelsey's boyfriend were also living in the home. Ms. Trotty stated that she is the paternal grandmother of N.T., whom she had custody of since N.T. was three days old, and that she had also taken custody of N.T.'s half-sister, A.B. Ms. Trotty stated that she took custody of the children when their mother was incarcerated. The mother and the two fathers of the children were somewhere in Texas. Ms. Trotty provided the family-service worker with a guardianship order from Texas with regard to N.T. only. Ms. Trotty did not have the birth, immunization, or school records of either child, and the family-service worker was presented with no documentation to identify who the children were. In addition, it was noted that Ms. Trotty had a prior history with DHS, which included the removal of her two daughters from her custody in 2008.

On the same day that DHS filed its petition, the trial court entered an ex parte order for emergency DHS custody, finding that removal of the children from Ms. Trotty's custody

SLIP OPINION

was in the children's best interest and was necessary to protect their health and safety. A probable-cause order was subsequently entered on April 4, 2016.

An adjudication hearing was held, wherein Ms. Trotty testified that both girls had been placed in her custody by child-protective services in Texas after a protective-services case was opened against their mother. Ms. Trotty indicated that she was able to get a conservatorship over N.T. because N.T. is her son's daughter, but that she was unable to do the same for A.B. Ms. Trotty did not have birth certificates for the children. Ms. Trotty acknowledged that, as a result of not having records on A.B., she had not enrolled her in school. As a result, A.B. missed what was to be her first year in school.

Ms. Trotty was also asked about the previous dependency-neglect case involving her two daughters in 2008. Ms. Trotty admitted that, in those proceedings, both daughters were removed from her custody and she did not get them back. Ms. Trotty stated "that was probably totally all my fault," but that she was young and scared and moved back to Texas after her daughters were removed. She stated that her daughters were taken into foster care when they were about fourteen, and remained there until they turned eighteen. Ms. Trotty stated that "pictures" was the reason her daughters were removed from her, but she denied leasing her children out to have sex.

Beatrice Isom, a foster-care supervisor, testified about the 2008 dependency-neglect case involving Ms. Trotty's daughters. According to Ms. Isom, there had been some issues regarding pictures of the daughters posted on the Internet, and the girls were being allowed to have sex with men for money. Ms. Isom testified that there was a true finding against Ms. Trotty for prostituting her children.

Tonja Hardin, a caseworker assigned to this case, testified that she had observed visits between Ms. Trotty and the children, and that the visits were appropriate. Ms. Hardin recommended that Ms. Trotty undergo parenting classes, counseling, and a psychological evaluation. Ms. Hardin further recommended that the children remain in the care of DHS while they work toward reunification with Ms. Trotty.

On May 13, 2016, the trial court entered an order adjudicating N.T. and A.B. dependent-neglected. In support of its adjudication, the trial court made these findings:

> The Court finds by a preponderance of the evidence that the juveniles are dependent-neglected as defined in the Arkansas Juvenile Code and that the allegations in the petition are true and correct, specifically, the Court finds [that] the custodian could not explain or verify how she came to have these children. Therefore, the children are left without a legal guardian. Further, the court finds that the children are at a substantial risk of harm if returned to Guy Trotty based, in part, upon Guy Trotty having a true finding of sexual exploitation of her own daughters in 2008. The court has no credible evidence that Guy Trotty has changed. Further, the children are at substantial risk of harm for educational neglect as Guy Trotty admitted not having A.B. in school this entire school year. The minor child, A.B. missed an entire year of school while in Guy Trotty's care.

In this appeal, Ms. Trotty argues that there was insufficient evidence to support the trial court's finding of dependency-neglect, and that the trial court's decision was based on speculation. Ms. Trotty contends that, contrary to the trial court's findings, she did explain how she came to have custody of the children and provided documentation of her conservatorship as to one of the children. Ms. Trotty further contends that the trial court erred in finding that there was a potential of harm to the children based on the 2008 dependency-neglect case wherein there had been a true finding of sexual exploitation of Ms. Trotty's daughters. Ms. Trotty submits that it was mere conjecture and speculation to

SLIP OPINION

conclude that this prior true finding against her placed N.T. and A.B. at a potential risk of harm.

We need not decide whether the trial court clearly erred in finding the children dependent-neglected as a result of sexual exploitation of another juvenile. This is because the trial court also found that the children were at a substantial risk of harm as a result of educational neglect based on Ms. Trotty's admission that she did not have A.B. enrolled in school for an entire school year. In Ms. Trotty's brief, she does not specifically challenge this alternate ground for dependency-neglect. We have held that when an appellant fails to attack the trial court's independent, alternative basis for its ruling, we will not reverse. *Casarreal v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 662. Because Ms. Trotty does not attack this alternate ground announced by the trial court in support of its finding of dependency-neglect, we affirm the trial court's decision.

Affirmed.

GLADWIN, C.J., and KINARD, J., agree.

*Tina Bowers Lee*, Arkansas Public Defender Commission, for appellant.

*Andrew Firth*, County Legal Operations, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor children.